LEVERICH et al. v. MAYOR, ETC., OF CITY OF MOBILE.

(Circuit Court, S. D. Alabama. February 28, 1903.)

No. 12.

**1. INJUNCTION—GROUNDS—SECOND INJUNCTION.**

A court will not grant a second injunction, based on one previously granted, on petition of one claiming to have succeeded to the rights of the complainant.

**2. SAME—PERSONS ENTITLED TO ENFORCE—SUCCESSORS IN TITLE.**

In a suit against a city it was adjudged that the title to a river front in the city was in individuals, and not in the city; and an injunction was awarded, restraining the city from interfering with the possession, use, or enjoyment of certain wharf property owned by the plaintiffs. *Held* that, to entitle one who was a stranger to such suit to enforce such injunction to restrain the city from prosecuting an action in ejectment to recover property on the river front, it was not sufficient that he obtained title from plaintiffs in the original suit, but it must be further shown that the property claimed by him was the identical property involved in the litigation, and to which the injunction related.

In Equity. Petition by the Mobile Transportation Company seeking the enforcement of injunction granted in this cause May 18, 1868.

Frederick G. Bromberg, for petitioner.

Gregory L. & H. T. Smith, for city of Mobile et al.

TOULMIN, District Judge. 1. If the petition is intended to take the place or have the effect of a bill of complaint seeking an injunction against the city of Mobile to restrain it from enforcing the judgment it has obtained against the petitioner for certain land therein described, and to restrain said city from prosecuting an action brought by it for certain other lands, this court has no jurisdiction in the matter. It appears from the petition that both the petitioner and the respondents are citizens of the state of Alabama. This would oust the jurisdiction. But it does not appear from the averments of the petition that the petitioner is entitled to the relief prayed for; that is, to an injunction, either to restrain the enforcement of the judgment mentioned in the petition, or to restrain the prosecution of the action of ejectment therein referred to. If the decree of this court passed on May 18, 1868, adjudicated the title of the west bank of the Mobile river, within the corporate limits of Mobile, to be vested in individuals, and not in the city of Mobile, as is contended by the petitioner's counsel, then,

so far as the pending action of ejectment is concerned, if it relates to land that is a part of said bank, the petitioner would have an adequate remedy at law; and if the decision and decree of the court have the scope and effect claimed for them by the counsel, the petitioner may have an adequate remedy at law for the enforcement of its alleged title to the land involved in the suit wherein said judgment was rendered. This court, however, does not here decide either of these propositions. It is not necessary for it to do so in this proceeding.

2. If the petition is one for an injunction on the injunction which was granted and authorized by said decree of May 18, 1868, as it seems to be, then it would be asking this court to do a vain and unnecessary thing, which the court would not knowingly do. Such action would, I think, be without precedent or authority. If the petitioner is entitled to the benefits of the said decree, it needs no other decree of injunction.

3. The petitioner's counsel, in his argument, suggests that the prayer of the petition is for such other and different relief as the nature of the case may require, and contends that under this prayer the court would commit the respondents for contempt if it found that they had violated the injunction of this court granted under said decree of May 18, 1868. To entitle the petitioner to the relief claimed under this prayer, it must appear from the petition that the land involved in the litigation between it and the city of Mobile was involved in the case of Leverich and others against said city, and was covered by the decree of this court of May 18, 1868, made in that case. It does not appear from said petition that the land involved in the suit lately pending and in that now pending between the petitioner and the said city was in any manner covered by or referred to in said decree of injunction of May 18, 1868. The matter in litigation in the suit of Leverich and others against the city of Mobile was the title and right to the possession of certain wharf property in the city of Mobile, and the principal object of the bill filed in that case was to enjoin the city from asserting any right or claim to said wharf property, and to restrain it from interfering with the possession, use, or profitable enjoyment of the "said wharf property." While the court, in its decree, declared that the title to the west bank of the river Mobile, within the corporate limits of Mobile, is vested in individuals, the injunction granted by the decree was to restrain the corporate authorities of Mobile, and their agents and servants, from asserting any right or claim to declare the wharves to be free and open, or to interfere with the possession, use, or profitable enjoyment of the "said wharf property," or to pass any ordinance or resolution for that object. The decree further provided that the plaintiffs and defendants, who have an interest in the said wharf property, "be, and it is hereby decreed that each of them is, entitled to all the benefits arising from this decree, and may apply to the court for relief. in case of any violation of the same." The petitioner avers that it is entitled to the benefits of the said decree, but fails to aver any facts to show that it is so entitled. It avers that it derived title to the lands in controversy with the city of Mobile from the heirs and devisees of Jonathan Emanuel and the assignees of Hugh Monroe, and that said Emanuel and Monroe were parties to the bill in the cause of Leverich

and others against the city of Mobile; but it does not claim or show that the property of said Emanuel and Monroe involved in said Leverich litigation is the same property, the title to which it derived from said Emanuel and Monroe, and which is now in litigation between it and the city, and it does not appear that this property was, at the time of said Leverich litigation, wharf property that was covered by the injunction of May 18, 1868.

The demurrers to the petition raising or covering the points herein decided are sustained.

There were submitted with the demurrers to the petition certain affidavits as to the locus in quo of the lands involved in the late and in the present litigation between the city and the petitioner, and also the complete record in the case of Leverich and others against the city of Mobile, and I may add that, on an examination and consideration of this evidence, I find that the property covered by the decree of injunction in said Leverich Case did not include that now in controversy between the petitioner and the city of Mobile.

The petition is denied, and is dismissed, at the cost of the petitioner.